Joseph Anyan AMOAKO, Petitioner,

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 05–4542–ag.

United States Court of Appeals, Second Circuit.

Dec. 15, 2006.

Joseph Anyan Amoako, pro se, Batavia, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, David M. McConnell, Deputy Director, Lisa M. Arnold, Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, Hon. ROGER J. MINER, Circuit Judges.

## SUMMARY ORDER

Petitioner Joseph Anyan Amoako, a native and citizen of Ghana, seeks review of an August 8, 2005 order of the BIA affirming an April 1, 2005 decision of Immigration Judge ("IJ") John Reid denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Joseph Anyan Amoako,* No. A97 916 475 (B.I.A. Aug. 8, 2005), *aff'g* No. A97 916 475 (Immig. Ct. Batavia, N.Y. Apr. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Legal questions, and application of fact to law, are reviewed *de novo. See Secaida-Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian-Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ We lack jurisdiction to review the IJ's determination that Amoako failed to establish extraordinary circumstances for his failure to file for asylum within a year of his entry to the United States, because his explanation was not credible, as he has not raised any constitutional or legal challenges to that finding. *See* 8 U.S.C. § 1158(a)(2)(B), (a)(3); *Xiao Ji Chen,* 434 F.3d at 151–54. The asylum claim is therefore dismissed for lack of jurisdiction.

■ Withholding of removal, however, is not subject to any filing deadlines, *see Xiao Ji Chen,* 434 F.3d at 155, and the IJ's adverse credibility determination supporting the denial of that claim is supported by substantial evidence in this case. The record supports the IJ's finding that Amoako's testimony—that he feared his brothers would kill him because he had refused the nomination as chief of his village and because the tribal practices were inconsistent with his Christian beliefs— was neither internally consistent nor plausible. Amoako was unable to explain why he and only he was nominated, why his brothers could not also be nominated for the highly sought-after position of chief, or

why his mother would insist on his candidacy when she too had refused or been denied a position because of her own Christian beliefs. Moreover, he admitted, and the background materials confirmed, that Christianity was the majority religion in his region of Ghana and that tribal chiefs in his and other villages had been Christians in the past. Additionally, his testimony about his wife's alleged murder was neither consistent nor persuasive; he gave varying dates for her death, claimed first that she died instantly and later that she died after falling into a month-long coma, and admitted that his information about her death came through several layers of hearsay. The IJ reasonably concluded that his testimony and documents were altogether insufficiently reliable to establish that he was more likely than not to be persecuted or tortured if returned to Ghana.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).